UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SUBI MEHMETI,

                       Plaintiff,                    **MEMORANDUM & ORDER**

                    -against-                     16-CV-7085 (WFK)(LB)

JOFAZ TRANSPORTATION, INC.,

                      Defendant.
-------------------------------------------------------x

**KUNTZ II, United States District Judge:**

Plaintiff Subi Mehmeti, proceeding *pro se*, filed the above-captioned complaint on December 20, 2017, against Jofaz Transportation, Inc. ("Jofaz"). Plaintiff filed an application to proceed *in forma pauperis*, declaring, implausibly, that he has zero income, zero assets, and zero expenses and financial obligations. His request to proceed *in forma pauperis* is GRANTED for the limited purpose of this Order.[1] Plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

Plaintiff filed his Complaint on a form complaint for actions alleging discrimination in employment pursuant to the Americans with Disabilities Act of 1990 ("ADA"). Compl. at 3, ECF No. 1. Specifically, Plaintiff brings a cause of action for discriminatory termination of his employment. *Id.* at 4. Plaintiff alleged that the discriminatory act occurred on October 3, 2012, and that the relevant discrimination was on the basis of age and disability or perceived disability, specifying "cancer of the head on the left side of respiratory." *Id.* at 5. In the space provided to

---

[1] Although the statement of indigency is incomplete, the Court will not require plaintiff to pay the filing fee at this time.

describe the facts of his case, Plaintiff stated that on October 3, 2012, he experienced "a maximum strong headache" and other pain and "blockage of the airways," "ask[ed] for help for [his] serious health condition," and was terminated by his supervisor at 12:30 P.M. that same day. *Id.* He allegedly informed his supervisor about his health condition "and that [he] was unable to work totally paralyzed by the disease [*sic*]." *Id.* Plaintiff attached the December 16, 2016, letter from the Equal Employment Opportunity Commission ("EEOC") notifying him of his right to sue in federal court.

Plaintiff does not mention a prior action he filed in this Court. On November 28, 2012, Plaintiff, with the assistance of counsel, filed a civil action pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") against Jofaz alleging that he was summarily fired on October 3, 2012, after he experienced intense pain in his head and respiratory difficulties and left work to seek medical attention. *See Mehmeti v. Jofaz Transportation, Inc.*, 12-CV-5880, 2015 WL 2453499 (E.D.N.Y. May 22, 2015) (Glasser, J.) (granting defendant's motion for summary judgment), *aff'd*, 649 F. App'x 112 (2d Cir. 2016). After the parties completed discovery in that case, Judge Glasser found that Plaintiff was a school bus driver who was terminated for unauthorized use of the school bus he was driving following his morning bus run on October 3, 2012. The court therefore dismissed Plaintiff's claim under the FMLA, finding that "[n]othing in the record suggests that Mehmeti suffered from a 'serious health condition' and was 'unable to perform the functions of his job' when he decided to park the bus in front of P.S. 259 rather than returning it to the Jofaz depot the morning of October 3, 2012." *Id.* at *2.

## DISCUSSION

### A. Standard of Review

A complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In evaluating whether a pleading states a claim for relief, "a court must accept as true all factual allegations contained in a complaint but need not accept legal conclusions." *Halebian v. Berv*, 590 F.3d 195, 203 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must read a *pro se* complaint with "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), and must interpret it as raising the strongest claims it suggests, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must grant leave to amend it at least once. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

B. **Employment Discrimination**

Title I of the ADA makes it unlawful for an employer, employment agency, labor organization, or joint labor-management committee to discriminate against a qualified individual on the basis of disability in regard to terms, conditions, and privileges of employment. 42 U.S.C. §§ 12111(2), 12112. A *prima facie* case of discrimination pursuant to the ADA requires a plaintiff to show that: (1) the employer is subject to the ADA; (2) the plaintiff was disabled within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of the disability. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008). "A plaintiff suffers an adverse employment action when she experiences a materially adverse change in the terms and conditions of employment." *Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 147 (E.D.N.Y. 2015) (internal quotation marks and citation omitted). Employment actions "deemed sufficiently disadvantageous to constitute an adverse employment action include a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Beyer v. County of Nassau,* 524 F.3d 160, 163 (2d Cir. 2008) (internal quotation marks and deletion omitted).

Plaintiff's complaint fails to state a claim under the ADA. He provides no facts in support of his claim that he was discriminated against in employment. He states that he was terminated on October 3, 2012, after he left his job in order to seek medical attention for conditions that apparently arose on that day. Plaintiff does not allege that he is a qualified individual with a disability within the meaning of the ADA, nor that he is otherwise qualified to perform the essential functions of his job, with or without accommodation. In fact, he states that

4

he told his supervisor that he was "unable to work" and "totally paralyzed." He does not sufficiently allege that he was terminated because of a disability. For these reasons, plaintiff's claim under Title I of the ADA is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, the court grants thirty (30) days leave to amend the complaint in order to state a claim under Title I of the ADA. Plaintiff is reminded that an amended complaint completely replaces the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. If Plaintiff fails to file an amended complaint within thirty (30) days, judgment shall enter. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ WFK

WILLAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
January 25, 2017