FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 07 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SUBI MEHMETI,

                Plaintiff,

           -against-

JOFAZ TRANSPORTATION, INC.,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**

16-CV-7085 (WFK)(LB)

**KUNTZ II, United States District Judge:**

Plaintiff Subi Mehmeti ("Plaintiff"), proceeding *pro se*, filed this employment discrimination action on December 20, 2017, against Jofaz Transportation, Inc. ("Defendant"). By Order dated January 25, 2017, Dkt. 5, the Court granted Plaintiff's application to proceed *in forma pauperis* for the limited purpose of that Order, finding his statement of indigency to be implausible. The Court further found that Plaintiff's original Complaint failed to state a claim under the Americans with Disabilities Act of 1990 ("ADA") and directed Plaintiff to file an amended complaint within 30 days. Plaintiff filed his Amended Complaint on February 17, 2017, but it fails to cure the deficiencies in the original Complaint. Accordingly, Plaintiff's case is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his original Complaint, Plaintiff described how he was terminated from his employment as a bus driver after he parked his bus in an unauthorized location on October 3, 2012, in order to seek medical attention for symptoms including headache, vision problems, redness and bruising in his face, and respiratory difficulties. Compl. at 5, ECF No. 1. Plaintiff stated that he had met with his supervisor, Leonard D'Amico, at 12:30 P.M. on October 3, 2012, and informed Mr. D'Amico about his health condition "and that [he] was unable to work" as he

was "totally paralyzed by the disease." *Id.* Plaintiff explained that he was ultimately diagnosed with "cancer of the head on the left side of respiratory." *Id.*

Plaintiff reiterates these facts in his Amended Complaint. ECF No. 6. For the first time, Plaintiff asserts that he informed a manager, "Michael (Chinese man)," of his severe headache at 5:30 A.M. on October 3, 2012, and explained he would use his break to see his doctor. Amend. Compl. at 4. Plaintiff alleges: "I asked him (manager) can I take the bus 3.2 miles for to save time. The manager said to me Yes: you have used always bus in such cases, to go to the family doctor. (This is an order verbal and not in writing)." *Id.* Plaintiff also asserts that he called his union, Local Union No. 854, on October 3, 2012. *Id.* at 7. On that call, a union worker told Plaintiff to "[g]o see Leonard D'Amico don't worry because we will speak with him." *Id.* At Plaintiff's meeting with Mr. D'Amico, he allegedly explained he has "a serious health condition," and specifically that he had "a maximum strong headache; [he is] trapped in the respiratory tract; From the pain and crises of pain, [he] ha[s] lost my normal viewing [and he is] . . . unable to work." *Id.* at 7–8.

The Amended Complaint also attaches multiple documents, including copies of a certification of Plaintiff's birth in Albania in 1953, his naturalization certificate, his commercial driver's license, statements of his medical condition from 2010, income statements, a list of passengers, driver checklists, maps of his route, an Employee Disciplinary Action Notice, doctors' notes and medical records, a letter from his union, and a letter from Pedro Rivera, Field Supervisor, dated October 1, 2012, but describing events that occurred on October 2 and 3, 2012, including an investigation into Plaintiff's activities. ECF No. 6-2.

As the Court explained in the Order of January 25, 2017, Title I of the ADA makes it unlawful for an employer, employment agency, labor organization, or joint labor-management

2

committee to discriminate against a qualified individual on the basis of disability in regard to terms, conditions, and privileges of employment. 42 U.S.C. §§ 12111(2), 12112. A *prima facie* case of discrimination pursuant to the ADA requires a plaintiff to show that: (1) the employer is subject to the ADA; (2) the plaintiff was disabled within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of the disability. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008). The Court found that the original Complaint failed to state a claim under the ADA because Plaintiff had not alleged that he was a qualified individual with a disability within the meaning of the ADA, nor that he was otherwise qualified to perform the essential functions of his job, with or without accommodation, nor that he was terminated because of a disability.

The Amended Complaint fails to remedy these deficiencies. Plaintiff acknowledges that he was terminated because he parked his bus in an unauthorized location. His recent explanation—that he was given verbal permission by a manager to use the bus for personal business—does not speak to the requirements of the ADA. In fact, his assertions that he told his supervisor that he suffered from severe headaches, "had lost [his] normal viewing," and "was unable to work" because he was "totally paralyzed by the disease" do not suggest that he was qualified to work as a school bus driver.

## CONCLUSION

As the Amended Complaint fails to cure the deficiencies in the original complaint, the action is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is DENIED for purpose of an appeal. *Coppedge v. United*

3

*States*, 269 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

s/ WFK
WILLAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
March 6, 2017